JOHN W. GRIGGS et al., trustees &c., appellants,

v.

HEFFORD SHAW et al., respondents.

Where a trust is imposed upon executors by the will, the orphans court may, without notice, and on the passing of their intermediate account as trustees, correct an error in the allowance of commissions to them in a previous account as executors.

Appeal from decree of Passaic orphans court.

*Messrs. Barkalow, Pennington & Beam,* for appellants.

*Mr. Eugene Emley,* for respondents.

THE ORDINARY.

The accountants, trustees under the will of John Shaw, deceased, appeal from so much of the decree of the Passaic orphans court upon the allowance of a partial account filed by them in 1886, as fixes their commissions at the sum of $10. The period covered by the account is one year from March 31st, 1885. By the account it appears that the accountants received during that time $7,117.70 of rents, interest and dividends, and $36,958.48 from the sale of real estate—altogether, $44,076.18.

No reason appears upon the face of the proceedings for the allowance of so small an amount of commissions. It is suggested, however, that the reason may have been that the accountants, who were executors of Shaw as well as trustees under his will, were allowed in what purported to be their final account as executors, passed in 1882, too large commissions, and that the orphans court may have undertaken to correct such error, if it existed, by the small allowance made in the account under consideration.

The orphans court had a right to correct such error, if any there was, unless prevented by the fact that the account of 1882

was the account of the appellants as executors, while the account of 1886 was their account as trustees.   The will is not before me, but I perceive that the partial account of the appellants of 1884, covering their transactions for a year from March 31st, 1883, is stated to be their account as " executors and trustees " of the testator, although what purported to be their final account as executors was settled in 1882.   The subsequent accounts, however, are filed as their accounts as trustees merely, and not as executors.   But it appears, from the statements and arguments of the counsel, that the trust was one devolved upon the executors by the will.   There is therefore such a connection between the accounts that any error in the executors' account of 1882 might be corrected by the orphans court in their subsequent accounts as trustees.

It is urged upon the part of the appellants that, if the reason suggested for the making of so small an allowance of commissions was the true reason therefor, they had no previous notice, either by exceptions or otherwise, that the court would be called upon to refuse to allow the usual commissions upon the account of 1886, in view of the fact that there was any error in their favor in the allowance of commissions in their account of 1882 as executors.   But the account of 1886 is not a final one, and the fixing of the commissions was in the discretion of the court, and it was quite competent for the court, without notice and *ex proprio motu*, to take any previous error in the allowance of commissions into account in fixing the commissions on the account in question.   The suggestions as to the practice in *Jackson* v. *Reynolds, 12 Stew. Eq. 313*, are in reference to the fixing of commissions upon a final account where an excessive allowance had been made upon passing the intermediate account or accounts.

As the record stands the decree must be affirmed.